## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

NABBIL LOUZI BERRADA; HIND
BERRADA; and Z.R.B.,

      Plaintiffs,

      v.

AMAZON.COM SERVICES LLC;
and ESSENTIAL MART,

      Defendants.

Case No. 6:23-cv-1035-GAP-RMN

## REPORT AND RECOMMENDATIONS

This cause comes before the Court *sua sponte*. On January 10, 2024, the Court entered an Order directing the Plaintiffs to show cause why this case should not be dismissed against Defendant Essential Mart for failure to timely serve Defendant (as extended by Dkt. 27). Dkt. 28. On January 20, Plaintiffs responded to the Court's Order. Dkt. 29. Upon consideration of Plaintiffs' response, I respectfully recommend that the Court dismiss the claims against Defendant Essential Mart for failure to prosecute pursuant to Local Rule 3.10 and failure to timely serve Defendant.

Federal Rule of Civil Procedure 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999).

Further, such dismissal may be done *sua sponte* as an inherent power of the Court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005).

Plaintiffs' response to the Court's Order to show cause is inconsistent with the Proof of Service attached to such response. Plaintiffs maintain that Defendant Essential Mart was served "as of November 4, 2023." Dkt. 29 at 2. However, a review of the Proof of Service attached to Plaintiffs' response shows that Defendant was not actually served, because "The address provided does not exist." *See* Dkt. 29-1 at 2. Although the remainder of the document is written in Chinese, the English translation provided on page 2 of the document is clear that Defendant Essential Mart was not served.

Because Plaintiffs have been unable to serve Defendant Essential Mart as required by Federal Rule of Civil Procedure 4(m) by the extended date the Court provided, I respectfully recommend that the Court dismiss the case against Defendant.

Accordingly, I respectfully **RECOMMEND** the Court **dismiss the case against Defendant Essential Mart**.

## NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party

may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on April 11, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies furnished to:

Hon. Gregory A. Presnell

Counsel of Record